UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| -vs.- | 1:24-cr-10027-CBK & <br> 1:24-cr-10008-CBK |
| CHAUNCEY ALLEN WHITE, | ORDER AND OPINION |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant previously filed in both cases a motion for a temporary furlough to attemd another treatment program at Dakotah Pride's Men's Halfway House and the Court denied both motions. Defendant has now filed in both cases what is called a motion for reconsideration. Such motions should be denied. At the last meeting of the federal judges in South Dakota, the Marshals Service requested the trial judges to generally deny requests for furloughs, explaining to us the inefficiency and logistical problems such furloughs cause for the Marshals. I have never favored requests for furloughs in any event. Defendants needing treatment will receive such treatment when in a Bureau of Prisons facility or when on supervised release. I realize the importance of programs based on Native American traditions. Many of the defendants should frankly have considered treatment long before being brought into federal court on an indictment.

In addition to denying the motions on the merits, the Court will deny most motions to reconsider because they are procedurally improper. Defendant cites no authority which would permit, much less require, a reconsideration. He obviously is not proceeding under any designated Federal Rule of Criminal Procedure. The previous rulings were not entered on a default basis. The Federal Rules of Civil Procedure do not allow a "motion to reconsider." *See* <u>Humphreys v. Roche Biomedical Laboratories, Inc.</u>, 990 F.2d 1078, 1081 (8th Cir. 1993), and <u>In re Trout</u>, 984 F.2d 977, 978 (8th Cir. 1993) (warning counsel that the Federal Rules of Civil Procedure do not provide for a

motion for reconsideration and directing counsel to properly designate a motion under the rule authorizing the motion).  The same rationale should apply in criminal cases and is going to be applied in cases in which I am the presiding judge.  The process of seeking reconsideration could be transformed into an endless chain of motions, filing a motion to reconsider the denial of the motion to reconsider, *ad infinitum*.  As Judge Loken observed in his opinion in Wilkins v. Hartford Life and Accident Insur. Co., 299 F.3d 945, 948 (8th Cir. 2002): "Such motions (to reconsider) are frequently a futile waste of time for both the parties and the trial court."  *See also* Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999) (Rule 60(b) motion is not for purpose of rearguing, somewhat more fully, merits of claim).  Now, therefore,

IT IS HEREBY ORDERED that the motions of defendant (Docs. 49 and 21) are hereby denied.

Dated this 9th day of October, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge