UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:24-CR-10027-CBK |
| Plaintiff, | ORDER |
| vs. | |
| CHAUNCEY ALLEN WHITE, | |
| Defendant. | |

An indictment issued charging defendant with having sexually abused Victim #1, in violation of 18 U.S.C. § 2242(2) (victim incapable of consent) and sexual abuse of a minor in violation of 18 U.S.C. § 2243(a) (sexual act with a person under the age of 16)– both counts allegedly having occurred between January 1, 2014 and December 31, 2014. Defendant was also charged with having sexually abused Victim #2, in violation of 18 U.S.C. § 2242(2) (victim incapable of consent) and sexual abuse of a minor in violation of 18 U.S.C. § 2243(a) (sexual act with a person under the age of 16)– both counts allegedly having occurred between January 1, 2014 and December 31, 2014. Defendant has moved to sever the trial of the counts involving Victim #1 from the trial of the counts involving Victim #2.

In determining whether to grant a severance, "[w]e begin by considering whether the counts were initially misjoined." United States v. McCarther, 596 F.3d 438, 441 (8th Cir. 2010). Pursuant to Fed. R. Crim. P. 8(a):

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Rule 8(a) is broadly construed in favor of joinder to promote judicial efficiency in the administration of justice. United States v. McCarther, 596 F.3d at 441; United States v.

Little Dog, 398 F.3d 1032, 1037 (8th Cir. 2005). "Where the offenses are similar in character, occurred over a relatively short period of time and the evidence overlaps, joinder is ordinarily appropriate." United States v. Running Horse, 175 F.3d 635, 637 (8th Cir. 1999).

There is no question that the offenses charged in the indictment as to the different victims are similar in character, if not identical, and occurred over the same period of time. As shall be explained below, the evidence of the offenses overlaps. Joinder of the counts concerning different victims was appropriate in this case. Bear Stops v. United States, 204 F. Supp. 2nd 1209, 1215 (D.S.D. 2002), aff'd, 339 F.3d 777 (8th Cir. 2003).

When joinder is proper under Rule 8, this Court has discretion pursuant to Fed. R. Crim. P. 14(a) "to sever joined charges if joinder 'appears to prejudice a defendant.'" United States v. Goodhouse, 81 F.4th 786, 791 (8th Cir. 2023). The defendant seeking a severance has the burden of establishing prejudice. Id.

Defendant contends that evidence of the alleged incidents as to one victim would taint the allegations as to the other victim, causing the jury to cumulate the evidence and improperly convict the defendant in a joint trial. "No prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other." United States v. Mink, 9 F.4th 590, 604 (8th Cir. 2021) (*quoting* United States v. McCarther, 596 F.3d at 442). Evidence of sexual abuse of the other alleged victim would be admissible in a separate trial of the charges as to each alleged victim.

> Evidence of prior bad acts is generally not admissible to prove a defendant's character or propensity to commit crime. FED. R. EVID. 404(b). However, Congress altered this rule in sex offense cases when it adopted Rules 413 and 414 of the Federal Rules of Evidence. Now, in sexual assault and child molestation cases, evidence that the defendant committed a prior similar offense "may be considered for its bearing on any matter to which it is relevant," including the defendant's propensity to commit such offenses. FED. R. EVID. 413(a), 414(a). If relevant, such evidence is admissible unless its probative value is "substantially outweighed" by one or more of the factors enumerated in Rule 403, including "the danger of unfair prejudice." *United States v. LeCom*pte, 131 F.3d 767, 769 (8th Cir.1997).

2

United States v. Gabe, 237 F.3d 954, 959 (8th Cir. 2001).

Rule 413 applies "in a criminal case in which a defendant is accused of a sexual assault" under 18 U.S.C. Chapter 109A. Fed. R. Evid. 413(a), 413(d)(1). Rule 414 applies "in a criminal case in which a defendant is accused of child molestation." Fed. R. Evid. 414(a). A "child" means a person under the age of 14 years. Fed. R. Evid. 414(d)(1). Rule 413 clearly applies in this case. The application of Rule 414 depends upon the age of the alleged victims at the time of the offenses. Whether or not the evidence is admissible under Rule 414, the evidence defendant seeks to compartmentalize by separate trials would be admissible in each trial pursuant to Rule 413.

Rule 403 continues to apply to prohibit the admission of proffered evidence if the probative value of the evidence is "substantially outweighed by its potential for unfair prejudice." United States v. Hollow Horn, 523 F.3d 882, 888 (8th Cir. 2008). Evidence admitted under Rules 413 and 414 is undoubtedly prejudicial. "Rule 403 is concerned only with 'unfair prejudice, that is, an undue tendency to suggest decision on an improper basis.'" United States v. Gabe, 237 F.3d at 960 (*quoting* United States v. Yellow, 18 F.3d 1438, 1442 (8th Cir. 1994)). The testimony the defendant seeks to prohibit by severance of the charges would be admissible in separate trials "for the same reason it is probative—it tends to prove his propensity to commit sexual assaults on vulnerable" females under the age of 16. United States v. Hollow Horn, 523 F.3d at 888 (*citing* Gabe, 237 F.3d at 960).

Rule 413 and Rule 414 evidence is presumptively admissible whether or not the charges are severed and therefore a defendant does not suffer *unfair* prejudice warranting exclusion under Rule 403. Even if the trial on the counts as to Victim #1 is severed from the trial on the counts as to Victim #2, evidence of defendant's alleged sexual abuse of each victim would be admissible in the trial as to the other victim. Accordingly, defendant would suffer no prejudice from the refusal to sever the trials. United States v. Running Horse, 175 F.3d at 637.

Defendant further contends that the trial of the counts as to the two alleged victims must be severed to avoid prejudice to him if he desires to testify at trial on one set of counts but not the other. The Eighth Circuit has rejected such a speculative claim, finding that such a claim

3

"is not enough to require severance." United States v. Little Dog, 398 F.3d at 1037. Defendant has failed to provide any information, let alone sufficient information, that he has important testimony to give on the sexual abuse offenses as to either alleged victim and why he cannot testify as to the charges concerning the other alleged victim. Id. at 1038.

Based upon settled precedent,

IT IS ORDERED that defendant's motion, Doc. 22, to sever is denied.

DATED this 11th day of October, 2024.

BY THE COURT:

*[signature]*

CHARLES B. KORNMANN
United States District Judge